## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:07CV-110-JHM**

**WILLIAM BARROW**                                                    **PLAINTIFF**

**V.**

**ALERIS INTERNATIONAL, INC.**                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff, William Barrow, to remand the present action to the Butler Circuit Court pursuant to 28 U.S.C. § 1447(c) and for costs [DN 12] and on a motion by Defendant, Aleris International, Inc., to dismiss the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 8].  These matters are now ripe for decision.

### I.  BACKGROUND

Plaintiff, William Barrow, was employed by Defendant, Aleris International, as a shipping and receiving supervisor for almost 17 years.  On January 20, 2006, Defendant terminated Plaintiff for allegedly falsifying inventory results.  At the time of his termination, Defendant refused to pay Plaintiff unemployment, severance, profit sharing benefits and his yearly bonus earned to that point.   Plaintiff appealed the denial of his unemployment benefits.  Plaintiff claims that he did not engage in any falsification of inventory results.  On April 27, 2006, a referee decision awarded him unemployment benefits and found that "[Plaintiff's] discharge was for reasons other than misconduct connected with the work . .

. ."  Defendant continues to deny Plaintiff severance and profit sharing benefits.

On June 4, 2007, Plaintiff filed an action in the Butler Circuit Court alleging two claims for breach of contract.  Plaintiff alleges that he is entitled to receive severance benefits because Defendant terminated him for reasons unrelated to his performance.  Likewise, Plaintiff alleges that Defendant breached its profit sharing agreement with him by not paying him such benefits upon his termination in violation of Kentucky law and the employment contract.[1]  On June 25, 2007, Defendant removed this action from the Butler Circuit Court to this Court claiming that the action is based upon the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.  Defendant maintains that while Plaintiff's complaint did not expressly reference ERISA, the causes of action asserted in the complaint clearly involve ERISA plans, are completely pre-empted by ERISA, and are properly removable under 29 U.S.C. § 1441(a).

Four days after removing the case here, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff's breach of contract claims are pre-empted by ERISA and should be dismissed pursuant to 29 U.S.C. § 1144(a) because the claims "relate to" matters governed by ERISA.  On July 17, 2007, Plaintiff filed a motion to remand the case to the Butler Circuit Court.  The Court will first address the Plaintiff's motion to remand.

---

[1]The Plaintiff failed to file page 4 of his complaint in the Butler Circuit Court.  While this error has been noted by the Defendant in its motion to dismiss, Plaintiff has yet to remedy this error.

## II.  MOTION TO REMAND

Plaintiff filed this motion to remand the case to state court arguing that this Court lacks subject matter jurisdiction.  Plaintiff maintains that the complaint alleges only state law breach of contract claims against the Defendant corporation.   Plaintiff argues that he is not seeking to enforce rights, to recover benefits, or to clarify rights under ERISA. Plaintiff states that he referenced the severance and profit sharing plans in his complaint only as a way to measure the damages that may flow from Defendant's breach of the employment contract. Additionally, Plaintiff contends that the severance agreement and profit sharing plan are not ERISA plans and, as a result, the case should be remanded to state court.

Defendant disagrees arguing that the severance plan is an ERISA employee welfare benefit plan and its profit sharing plan is an ERISA employee pension benefit plan. Defendant maintains that because Plaintiff's complaint asserts breach of contract claims seeking to recover severance and profit sharing benefits under those plans, Plaintiff's claims are completely pre-empted by ERISA.   Defendant contends that it properly removed Plaintiff's claims to federal court, and therefore, Plaintiff's motion to remand should be denied.

### A.  Standard of Review

Removal to federal court from state court is proper when the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treatises or laws of the United States."  28 U.S.C. § 1441(b).  In determining whether an action is removable under § 1441, courts apply the "well-pleaded complaint rule." Metropolitan Life

3

Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Under the well-pleaded complaint rule, federal jurisdiction exists only when an issue of federal law appears on the face of the complaint. Id. See also Husvar v. Rapoport, 430 F.3d 777, 781 (6th Cir. 2005); Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987). "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co., 481 U.S. at 63-64. Thus, "if there is complete pre-emption, then the state law complaint is converted to one arising under federal law and satisfying the well-pleaded complaint rule." Harvey v. Life Insurance Co. of North America, 404 F. Supp. 2d 969, 973 (E.D. Ky. 2005)(citing Caterpillar, 482 U.S. at 393). See also Roddy v. Grand Trunk Western Railroad, Inc., 395 F.3d 318, 323 (6th Cir. 2005). The Defendant bears the burden of proving Plaintiff's claims are pre-empted by ERISA.

Under ERISA, "a claim is *completely* pre-empted . . . if the state law claim could be brought pursuant to ERISA's enforcement provision, [29 U.S.C.] § 1132(a)(1)(B)." Harvey, 404 F. Supp. 2d at 973 (citing Metropolitan Life Ins. Co., 481 U.S. at 65-67). Therefore, in order to be subject to complete pre-emption, and properly removable to federal court, the state law claim must be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B). See id.; Husvar, 430 F.3d at 781; Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir. 1995);

4

Ackerman v. Fortis Benefits Ins. Co., 254 F. Supp. 2d 792, 813 (S.D. Ohio 2003).[2]

## B.  Discussion

In determining whether removal of the Plaintiff's claims to federal court is proper, the Court must determine first whether the severance agreement and the profit sharing plan in question are ERISA plans and second whether the Plaintiff is asserting claims for ERISA plan benefits.

### 1.  The Plans

***Severance Agreement***

ERISA defines an "employee welfare benefit plan" as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants . . . (A) . . . benefits in the event of . . . unemployment . . . or (B) any benefit described in section 186(c) of this title." 29 U.S.C. § 1002(1).  Severance plans are included

---

[2]  It is important to note the difference between complete pre-emption and traditional (also known as "conflict") preemption.  "Complete preemption that supports removal and [traditional] preemption are two distinct concepts." Roddy, 395 F.3d at 323; Warner v. Ford Motor Co., 46 F.3d 531, 535 (6th Cir. 1995); Harvey, 404 F. Supp. 2d at 973.  As discussed above, complete pre-emption "is a jurisdictional doctrine that is a narrow exception to the well-pleaded complaint rule," and if satisfied, provides the basis for removal to federal court. Huisjack v. Medco Health Solutions, Inc., 492 F. Supp. 2d 839, 848 (S.D. Ohio 2007).
   In contrast, under traditional pre-emption, "state laws that conflict with federal laws are preempted, and preemption is then properly asserted as a federal defense to a state court action." Id.  In the ERISA context, a state law claim is pre-empted by ERISA and subject to dismissal if the claim "relates to" matters governed by ERISA.  29 U.S.C. § 1144.  However,  "[t]he fact that there is a [traditional] pre-emption defense, by itself, does not transform a state action to a federal action for purposes of subject matter jurisdiction."  Harvey, 404 F. Supp.2d at 973.  See also  Husvar, 430 F.3d at 781 (citing  Metropolitan Life, 481 U.S. at 63-64)(Traditional preemption "does not alone necessarily authorize removal to federal court.").  Only complete pre-emption provides a basis for removal.

5

in the definition of 29 U.S.C. § 1002(1).  Cassidy v. Akzo Nobel Salt, Inc., 308 F.3d 613, 615 (6th Cir. 2002); Shahid v. Ford Motor Co., 76 F.3d 1404, 1409 (6th Cir. 1996).  However, the Sixth Circuit has held that not all severance pay plans are ERISA plans.  Cassidy, 308 F.3d at 615.  The Sixth Circuit examines the nature of the plan to distinguish ERISA from non-ERISA plans.  Cassidy, 308 F.3d at 615.

"The hallmark of an ERISA benefit plan is that it requires 'an ongoing administrative program to meet the employer's obligation.'"  Swinney v. General Motors Corp., 46 F.3d 512, 517 (6th Cir. 1995)(quoting Fort Halifax Packing Co., Inc.. v. Coyne, 482 U.S. 1, 11 (1987).  See also Cassidy, 308 F.3d at 616.  "Although the Thompson[3] three part test is normally used to determine if there is an ERISA benefits plan," the Sixth Circuit utilizes two particular factors to determine whether a severance agreement plan falls under ERISA: "1) whether the employer has discretion over the distribution of benefits, and 2) whether there are on-going demands on an employer's assets."  Kolkowski v. Goodrich Corp., 448 F.3d 843, 848 (6th Cir.2006).

In examining the first factor, the Sixth Circuit has held that " [p]lans in which benefits are predetermined or which involve simple or mechanical determinations have been found not to be ERISA plans."  Kolkowski, 448 F.3d at 848 (quoting Cassidy, 308 F.3d at 614).

---

[3] "The Thompson three part tests asks: 1) determine whether the Department of Labor's 'safe harbor regulations apply'; 2) look to the surrounding circumstances whether a reasonable person could ascertain the intended benefits, the class of beneficiaries, the source of financing, and the procedures for receiving benefits; and 3) whether the employer has established or maintained a plan with the intent of providing benefits to its employees." Kolkowski, 448 F.3d at 848 n. 3(quoting Thompson v. American Home Assurance Co., 95 F.3d 429, 434-35 (6th Cir. 1996)).

"On the other hand, if to determine benefits the employer must analyze each employee's particular circumstances in light of the appropriate criteria, the severance plan is probably an ERISA plan." Id.; see also Sherrod v. General Motors Corp., 33 F.3d 636, 638 (6th Cir. 1994) (internal quotations and citations omitted.)  With respect to the second factor, a severance benefit plan which provides for  a "one-time, lump-sum payment triggered by a single event requires no administrative scheme whatsoever to meet the employer's obligation" and is not a benefit plan within the scope of ERISA.  Fort Halifax, 482 U.S. at 12 (one-time severance payment to employees in the event plant closed was not protected benefit plan under ERISA).  However, a severance plan may be an ERISA plan if the employer "'assumes responsibility to pay benefits on a regular basis, and thus faces . . . periodic demands on its assets that create a need for financial coordination and control.'" Cassidy, 308 F.3d at 616 (quoting Fort Halifax, 482 U.S. at 12).

The Aleris International severance plan provides that:

> The Company will provide severance for individuals who are terminated for reasons unrelated to their performance or behavior, or temporary layoff.  This policy extends to all salary and hourly employees with at least one full year of service. . . . Hourly, Non-Exempt, and Exempt Employees may, at the Company's sole discretion, be required to enter into a Severance and Release Agreement similar to that specified in Section 2.24 for Executive Level Employees.  Severance will be paid over time (per the normal pay cycle) or as a lump sum at the Company's discretion.  Severance will be adjusted on a pro-rata basis for partial years (full months) of service.

(Severance Plan ¶ 2.1.)

The severance plan applies slightly different standards to executive level employees who are entitled to receive severance benefits after a "change of control" in the company or

upon a "termination unrelated to their performance or behavior or for good reason . . . ." (<u>Id.</u> at ¶ 2.24.)  Executive level employees receive out-placement services for a maximum of 12 months, benefit continuation for six months, and discretionary additional severance payments in extraordinary circumstances.  (<u>Id.</u>)

After a review of the Aleris International severance agreement and the relevant factors discussed above, the Court concludes that the Aleris International severance agreement constitutes an "employee welfare benefit plan" under ERISA.  The Aleris severance agreement "reveals a degree of discretion, periodic demands on assets, and an administrative burden that ERISA's definition contemplates."  <u>Cassidy</u>, 308 F.3d at 616.

First, the severance plan requires Aleris to engage in a case-by-case review of employees to determine their particular eligibility.  Only employees who are involuntarily terminated and the termination is not "for cause" are entitled to the severance.  Individualized analysis of the cause of the employee's termination requires discretion.  <u>Petersen v. E.F. Johnson Co.</u>, 366 F.3d 676, 679-80 (8th Cir.2004) (holding that severance package available only to those terminated "without cause" required ongoing administrative scheme, and thus qualified as an ERISA plan); <u>Kosakow v. New Rochelle Radiology Associates, P.C.</u>, 274 F.3d 706, 737 (2d Cir. 2001); <u>Antolik v. Saks, Inc.</u>, 278 F. Supp. 2d 997, 1003 (S.D. Iowa 2003) (same); <u>Pane v. RCA Corp.</u>, 667 F. Supp. 168, 171 (D.N.J. 1987), <u>aff'd</u>, 868 F.2d 631 (3d Cir.1989) (same).  <u>See also</u> <u>Tischmann v. ITT/Sheraton Corp.</u>, 145 F.3d 561, 566-67 (2d Cir.1998) (severance plan requiring . . . individual determinations regarding eligibility constituted an ERISA plan); <u>Schonholz v. Long Island Jewish Medical Center</u>, 87 F.3d 72,

76 (2d Cir. 1996); <u>Simas v. Quaker Fabric Corp.</u>, 6 F.3d 849, 853 (1st Cir. 1993); <u>Lamantia v. Keyspan Energy</u>, 2007 WL 2816188, *5 (E.D.N.Y Sept. 26, 2007)("A determination of which employees are terminated 'for cause' requires managerial discretion."); <u>Mullaly v. Insurance Services Office, Inc.</u>, 395 F. Supp. 2d 290, 295 (M.D. N.C. 2005).  Additionally, although the benefits calculations are generally formulaic, the company has discretion to approve a larger amount in some cases.

Second, on-going demands on the employer's assets exist under the terms of the severance plan.  The severance plan applies to all salary and hourly employees with at least one year of service, who are not covered by a collective bargaining agreement.  The severance payments are not triggered by a single event, such as a plant closing as was the case in <u>Fort Halifax</u>, but rather payments are to be made generally to terminated employees. "Defendant's obligations are recurring as employees are terminated, which necessarily requires some ongoing administration."  <u>Mullaly</u>, 395 F. Supp. 2d at 296; <u>see also</u> <u>Fort Halifax</u>, 482 U.S. at 18 n.10.

The severance plan also provides for payment of the benefits in a lump sum or over time, which could require payments to be made for up to 52 weeks for a single employee. In the present case, the Court sees "no reason to conclude that the right to pay benefits in lump-sum form takes [the] severance plan outside of ERISA coverage." <u>Tishmann</u>, 145 F.3d at 567 (citing <u>Fort Halifax</u>, 482 U.S. at 14 n.9).  The fact that Aleris reserves the right to pay an employee his severance benefits in the form of a lump sum merely transforms its continuing obligation into a one-time payment. <u>Id.</u>  <u>See also</u> <u>Kolkowski</u>, 448 F.3d at 849-50.

Additionally, under the Aleris plan, certain employees receive extended benefits which continue six months and career transition services which continue for 12 months after the potential severance payout.

For these reasons, the Court concludes that the Defendant's severance plan is an ERISA employee welfare benefit plan.

### *Profit Sharing Plan*

The profit sharing plan referenced in Plaintiff's complaint is actually a component of the IMCO Recycling Inc. and Subsidiaries Retirement Savings Plan.  (Plan Summary at 11.) The Retirement Savings Plan is described in the plan summary as "a defined contribution 401(k) profit sharing plan." (Id. at 3.)  The plan summary related to profit sharing states:

> **Profit Sharing Contributions**.  Your Employer may choose to make a profit sharing contribution.  If so, the amount credited to your account will be in the same ratio that your salary bears to the total salary of all participants in the Plan who are eligible to share in the allocation.  The amount of the profit sharing contribution will be determined each Plan Year and announced to all participants . . . .

(Id.)  The plan summary[4] defines the intended benefits, the class of beneficiaries and provides a claims procedure for receiving benefits. See Williams v. WCI Steel Co., Inc., 170 F.3d 598, 602-603 (6th Cir. 1999)(discussing factors to examine to determine if a plan is an "employee pension benefit plans"); Hughes v. White, 467 F. Supp.2d 791, 801 (S.D. Ohio. 2006). Additionally, the plan summary specifically indicates that participants "are entitled to certain

---

[4]Although Plaintiff referenced the profit sharing plan in his complaint, he did not tender the Profit Sharing Plan.  Defendant attached a copy of the plan summary in response to the Plaintiff's motion to remand.

rights and protections under the Employee Retirement Income Security Act of 1974, as amended ("ERISA")." (Plan Summary at 26.)

Upon a review of the plan summary and the case law cited above, it appears that the IMCO Recycling Inc. and Subsidiaries Retirement Savings Plan is an "employee pension benefit plan" governed by ERISA. 29 U.S.C. § 1002(2)(A).  More specifically, the plan in question appears to be a "defined contribution plan" within the meaning of ERISA § 1002(34) in that it provides for individual accounts for each participant and for benefits based on the amount contributed to each participant's account.    See e.g., Becker v. Midwest Stamping & Mfg. Co. Profit Sharing Plan and Trust Admin. Comm., 2000 WL 924072, *1 n. 2 (6th Cir. June 29, 2000); Miller v. Xerox Corp. Ret. Income Guar. Plan, 464 F.3d 871, 872 n. 1 (9th Cir. 2006)(profit sharing plan recognized as employee pension benefit plan and subject to ERISA).

### 2.  Recovery of Benefits under the Plans

Having determined the severance agreement and the profit sharing plan are ERISA plans, the Court must determine whether Plaintiff is asserting claims for recovery of ERISA plan benefits.  Plaintiff argues that he has only alleged state court breach of contract claims against the Defendant to recover damages for a breach of the employment contract.  Plaintiff contends that he is not seeking to enforce rights that only arise under the plans in question.  According to Plaintiff, the only way to measure damages in the present case is to reference the amount contained in the severance and profit sharing plans.

The Plaintiff's complaint belies this argument. Plaintiff alleges that the severance

agreement constitutes a contract between Plaintiff and Defendant. (Complaint at ¶ 12.) Plaintiff avers that he is "entitled to receive the benefits under the Severance agreement as he was fired for reasons unrelated to his performance" and that Defendant "violated the Severance agreement by not paying Plaintiff the benefits he is entitled to receive." (Complaint at ¶¶ 13, 14.)   Additionally, he alleges that Defendant breached its profit sharing agreement with him by not paying him profit sharing income upon his termination. (Complaint at ¶¶ 17, 18, 19.)   As recognized by the Sixth Circuit, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit."   Peters v. Lincoln Elec. Co., 285 F.3d 456, 469 (6th Cir. 2002).   Clearly, the claims asserted by Plaintiff are for the recovery of ERISA plan benefits.

For these reasons, the Court finds that Plaintiff's claims are completely pre-empted by ERISA under 29 U.S.C. § 1132(a)(1)(B) and removal was proper under 28 U.S.C. § 1441(b).

### III.  MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that the breach of contract claims asserted are preempted by ERISA under 29 U.S.C. § 1144(a).   In the alternative, Defendant moves to strike all references in the complaint to Plaintiff's application for unemployment benefit and for a jury trial.

### A.  Standard of Review

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P.

12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[],
accept all well-pled factual allegations as true and determine whether plaintiff[] undoubtedly
can prove no set of facts consistent with [his] allegations that would entitle [him] to relief."
League of United Latin American Citizens v. Bredesen, ___ F.3d ___, 2007 WL 2416474,
*2 (6th Cir. Aug. 28, 2007) (citing Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006)).
This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers &
Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001).  A plaintiff must provide the grounds for
his entitlement to relief and this "requires more than labels and conclusions, and a formulaic
recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S.
___, 127 S.Ct. 1955, 1964-65 (2007); Bredesen, 2007 WL 2416474, *2.  "The factual
allegations, assumed to be true, must do more than create speculation or suspicion of a
legally cognizable cause of action; they must show *entitlement* to relief." Bredesen, 2007
WL 2416474, *2 (citing Twombly, 127 S.Ct. at 1965).  To state a valid claim, "a complaint
must contain either direct or inferential allegations respecting all the material elements to
sustain recovery under some viable legal theory." Id. (citing Twombly, 127 S.Ct. at 1969).

## B.  Discussion

Defendant argues that Plaintiff's claims for breach of contract of the severance
agreement and the profit sharing plan are pre-empted under ERISA's traditional pre-emption
provision, 29 U.S.C. § 1144, and should be dismissed.   Section 1144 provides that "a state
law claim is pre-empted by ERISA and, thus, foreclosed in either federal or state court, if the
claim *relates to* matters governed by ERISA." Harvey, 404 F. Supp. at 973.  Defendant

13

argues that even though Plaintiff's contract claims are completely pre-empted making removal to federal court appropriate, those claims should not be converted automatically into ERISA claims.  Instead, Defendant argues that Plaintiff's complaint still states two state law breach of contract claims which are pre-empted under ERISA's traditional pre-emption provision, § 1144, and that Defendant has appropriately moved to dismiss them. While there is some authority for Defendant's argument, see, e.g., Butero v. Royal Maccabees Life Ins. Co., 174 F.3d  1207, 1215 (11th Cir. 1999), the Court finds this approach inconsistent with the complete pre-emption doctrine discussed above.  See supra n.2.

Courts have repeatedly held that a breach of contract claim against a defendant arising out of a denial of benefits is essentially a claim for benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), and should be characterized as an ERISA action.  Warner, 46 F.3d at 534; Huisjack, 492 F. Supp. 2d at 849; Harvey, 404 F. Supp.2d at 978;  Ackerman, 254 F. Supp.2d at 818.  "The complaint may thus be removed to federal court and will be treated as alleging a federal cause of action, notwithstanding on its face, the plaintiff's complaint alleges only a state-law cause of action." Peters v. Lincoln Electric Company, 285 F.3d 456, 467-468 n. 11 (6th Cir. 2002); see also Strong v. Telectronics Pacing Sys., Inc., 78 F.3d 256, 260 (6th Cir. 1996).  "Once a federal court has determined that [§ 1132] governs that particular claim, the inquiry ends."  Huisjack, 492 F. Supp.2d at 849 (citing Ackerman, 254 F. Supp.2d at 818).  The claim is completely pre-empted and is actionable in federal court.  Id.

Contrary to Defendant's argument, "[i]t would defy logic . . . for the Court to allow removal on the basis that the [Plaintiff's] Complaint contains federal causes of action, *arising*

14

*under* ERISA from their inception, and then to grant summary judgment and enter final judgment against the Plaintiff[], because [his] claims are *preempted by* ERISA." Erbaugh v. Anthem Blue Cross and Blue Shield, 126 F. Supp. 2d 1079, 1082 (S.D. Ohio 2000); Ackerman, 254 F. Supp. 2d at 817.  "ERISA cannot be both the match which sparks a claim's fire and the bucket of water used to extinguish it." Id.  Since the Court has accepted the Defendant's argument that the breach of contract claims are completely pre-empted under § 1132 and subject to removal to federal court, dismissal under § 1144 is improper.  See Harvey, 404 F. Supp. 2d at 977 (quoting Ackerman, 254 F. Supp. 2d at 818.).

### C.  Defendant's requests to strike portions of the complaint

Defendant argues that Plaintiff's reference in his complaint to his application for unemployment benefits should be stricken pursuant to Fed. R. Civ. P. 12(f) because such evidence is inadmissible under Kentucky law, immaterial and impertinent, and it poses a threat of unfair prejudice.  Plaintiff disagrees asserting that the unemployment records are something the Defendant was asked to consider in Plaintiff's appeal of denial of benefits and is already apart of the administrative record.  At this stage of the proceeding, the Court declines to strike references to Plaintiff's application for unemployment benefits contained in his complaint.

Defendant also moved to strike Plaintiff's demand for a jury trial on the ground that Plaintiff has no right to a jury trial under ERISA.  Plaintiff's ERISA claims are equitable in nature and therefore are not eligible for jury trial.  Wilkins v. Baptist Healthcare Systems, Inc., 150 F.3d 609, 616 (6th Cir.1998).  Thus, the Defendant's motion to strike Plaintiff's

jury demand is granted.

## IV.  CONCLUSION

The Court finds that the Aleris severance agreement and profit sharing plans are benefit plans under ERISA, the breach of contract claims are completely pre-empted under 29 U.S.C. § 1132(a)(1)(B), and as a result, this Court has subject matter jurisdiction over the Plaintiff's claims.  The Court concludes that the action was properly removed to federal court.

For these reasons, **IT IS HEREBY ORDERED** that the Plaintiff's motion to remand the case to the Butler Circuit Court [DN 12] is **denied** and Defendant's motion to dismiss and to strike all references to his application for unemployment benefits [DN 8] is **denied**. **IT IS FURTHER ORDERED** that Defendant's motion to strike Plaintiff's demand for a jury trial is **granted**.

cc: counsel of record